**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AZIZ BOUTINKHAR, | ) | CASE NO. 4:25-CV-02802-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| DIRECTOR, U.S. IMMIGRATION AND | ) | CARMEN E. HENDERSON |
| CUSTOMS ENFORCEMENT (ICE), | ) | |
| SECRETARY, U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY, WARDEN ED | ) | **REPORT AND RECOMMENDATION** |
| VOORHIES, | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

## I.      Introduction

Aziz Boutinkhar ("Petitioner"), a Moroccan national detained by United States Immigration and Customs Enforcement ("ICE"), filed a writ of habeas corpus under 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing.  (ECF No. 1). This matter was referred to the undersigned to prepare a report and recommendation on Petitioner's petition. (ECF No. 4). For the reasons set forth below, the undersigned recommends that the Court DISMISS the petition without prejudice.

## II.     Background

Petitioner "entered the United States on December 12, 2023, at San Diego California, without inspection, seeking asylum from persecution in Morocco." (ECF No. 1 at 4). The day after his arrival, Petitioner was apprehended and served with a Notice to Appear ("December 2023 Notice") for a hearing before an immigration judge.  (ECF No. 9-1).  The December 2023 Notice alleged that Petitioner (1) was not a citizen or national of the United States; (2) was a native and

citizen of Morocco; (3) arrived in the United States on December 12, 2023; and (4) was not admitted or paroled after inspection by an immigration officer. (*Id.* at 1). The December 2023 Notice charged Petitioner as being removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (*Id.*). Petitioner subsequently applied for asylum. (ECF No. 1-2 at PageID #: 17-32).

On August 29, 2024, in a written pleading filed through counsel in the immigration court, Petitioner admitted the allegations in the December 2023 Notice and conceded the charge of removability. (ECF No. 9-2). At some point during the immigration proceedings, the Department of Homeland Security ("DHS") moved to dismiss "without prejudice based on prosecutorial discretion." (ECF No. 9-3). While Petitioner opposed the motion on the basis that he wished the Court to consider his application for asylum, the Immigration Judge ("IJ") found good cause to grant the petition and dismissed Petitioner's case on June 11, 2025. (*Id.*). The same day, DHS took Petitioner into custody and issued him a Notice and Order of Expedited Removal ("June 2025 Notice"). (ECF No. 9-4). The June 2025 Notice provided: "Pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act), (8 U.S.C. 1225(b)(1)), the Department of Homeland Security has determined that you are inadmissible to the United States under section(s) 212(a) … (7)(A)(i)(I) …." (*Id.*). Following a credible fear interview, DHS issued Petitioner another Notice to Appear ("July 2025 Notice"), charging him as removable under §§ 212(a)(7)(A)(i)(II) and 212(a)(6)(A)(i) of the INA. (ECF No. 9-5).

On September 4, 2025, Petitioner filed an application for asylum and for withholding of removal.[1] (*See* ECF No. 9 at 2). DHS filed a motion to pretermit Petitioner's applications for

---

[1] Neither Petitioner nor Respondent submitted a copy of this second application for asylum. However, the filing of a second application would be consistent with Petitioner's representations that his "asylum case remains pending" despite the immigration judge dismissing the case in June 2025.

2

asylum on January 22, 2026.  (ECF No. 9-6).  The IJ scheduled a hearing on the motion for February 20, 2026.  (ECF No. 9-7).  However, before the hearing occurred, Petitioner filed an unopposed motion for pre-conclusion voluntary departure.  (ECF No. 9-8).  On February 12, 2026, the IJ "ORDERED that the [Petitioner] be GRANTED pre-conclusion voluntary departure under Immigration and Nationality Act (INA) § 240B(a), in lieu of removal, without expense to the Government, on or before 3/16/2026, or any extensions as may be granted by [DHS], and under any other conditions DHS may direct."  (ECF No. 7-1).  The order indicates that the voluntary departure would be "Under Safeguards."  (*Id.*).

## III.    Petition and Arguments

Petitioner filed his § 2241 petition on or about December 30, 2025, challenging his detention.  (ECF No. 1).  Within his petition, Petitioner specifically alleges that he is detained under 8 U.S.C. § 1226(a).  (*Id.* at 3).  Petitioner asserts that his "prolonged detention without an individualized bond hearing violates [his] Fifth Amendment due process rights under the U.S. Constitution."  (*Id.* at 2).  Additionally, he asserts that "the conditions of [his] confinement, including inadequate medical care for [his] chronic digestive disorders and depression, amount to deliberate indifference, further violating due process and warranting [his] immediate release."  (*Id.*). Petitioner advances three "causes of action:" (1) violation of his Fifth Amendment due process rights based on his prolonged detention without an individualized bond hearing; (2) violation of his Fifth Amendment due process rights based on deliberate indifference to medical needs; and (3) violation of his Fifth Amendment due process rights based on "punitive conditions of confinement through deliberate indifference to serious medical needs."  (*Id.* at 8-10).

Respondents filed an answer and return of writ on March 2, 2026.  (ECF No. 9).  Respondents argue that "Petitioner's custody is lawful and that the decisions made by the

government were reasonable and within its discretion," such that the petition should be dismissed. (*Id.* at 1).  Respondent argues that "at the time the habeas petition was filed, Petitioner's custody was lawful pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii)." (*Id.* at 4 n.1).  Now that Petitioner has been granted voluntary departure, Respondent argues that DHS "may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States," including continued detention.  (*Id.* at 3 (citing 8 C.F.R. § 240.25(b))).  Additionally, Respondent argues that "'voluntary departure with safeguards' is commonly used to characterize that an alien remain in custody until he or she departs from the United States." (*Id.* (quoting *Matter of M-A-S-*, 24 I&N Dec. 782, 766 (BIA 2009))).  As to Petitioner's challenges to his medical care, Respondent argues that such are not proper because "habeas petitioners are limited to challenging the fact or duration of their confinement, not the conditions governing it." (*Id.* at 4-5).

After conducting an initial review of Respondents' arguments, the undersigned noted that while Respondents cited and relied on 8 C.F.R. § 240.25(b) as justifying Petitioner's detention, a separate section, 8 C.F.R. § 1240.26(b), "specifically addresses voluntary departure granted by an immigration judge prior to the completion of removal proceedings."  (ECF No. 10).  Thus, the undersigned ordered Respondents to file a supplemental brief "addressing the applicability of 8 C.F.R. §§ 240.25(b) and 1240.26(b) to Petitioner's detention; whether the immigration judge made any findings regarding the need for Petitioner's continued detention; and the anticipated procedure for allowing Petitioner to voluntarily depart from the country in light of his continued detention." (*Id.* at 2).

Respondents filed their supplemental brief on March 9, 2026, indicating that "Respondents agree that § 1240.26(b) now controls this case." (ECF No. 11 at 1).  However, Respondents argue that "[w]hile § 1240.26(b)(3) does not explicitly use the term 'continued detention' in discussing

4

the authority of the IJ to grant voluntary departure, numerous courts and the Board of Immigration Appeals ('BIA') have ruled that this provision gives IJs the authority to continue detention after granting voluntary departure." (*Id.* at 1-2). Respondents indicate that "the basis for [the IJ's detention] decision is not specifically set forth in the IJ's order and there is no transcript of the proceedings available" but "this Court lacks jurisdiction to review the IJ's discretionary decision to impose continued detention during the voluntary departure period" based on 8 U.S.C. § § 1226(e) and 1252(b)(9). (*Id.* at 4-5). As to the specific procedure for Petitioner's departure, Respondents represent that ICE has requested Petitioner's original passport from his counsel in the immigration proceedings and, once ICE receives the original passport, a flight can be arranged either by Petitioner through friends and family or by ICE and "ICE will coordinate transportation to the airport for departure." (*Id.* at 5).

Petitioner failed to file a reply to Respondents' answer and the deadline to do so has expired. (*See* ECF No. 4).

## IV. Discussion

### A. Habeas Relief

Under 28 U.S.C. § 2241, district courts have authority to grant writs of habeas corpus to petitioners who show that they are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(a), (c)(3). While Congress has enacted statutes limiting judicial review of certain immigration related decisions, habeas relief remains available to those challenging the constitutionality of their detention. *Hamama v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvysdas v. Davis*, 533 U.S. 678, 688 (2001).

Like many before him, Petitioner asserts that his detention is governed by 8 U.S.C. § 1226(a) such that he is entitled to an individualized bond hearing. (*See* ECF No. 1 at 8). Across the country, a dispute has arisen between the government and detained noncitizens following a change in government policy regarding the application of the 8 U.S.C. §§ 1226(a) and 1225(b). *See Rodriguez Insua v. Noem*, No. 4:26-CV-437, 2026 WL 668304, at *1 (N.D. Ohio Mar. 10, 2026) (summarizing policy change); *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498-500 (5th Cir. 2026) (providing relevant statutory and policy history). Notably, while § 1226(a) allows for the discretionary release on bond of noncitizens pending a decision on removal absent exceptions regarding criminals, § 1225(b) requires mandatory detention of noncitizens deemed applicants for admission. *Compare* 28 U.S.C. § 1226(a) *with* 28 U.S.C. § 1225(b).

To date, only two appellate courts have addressed this issue regarding the application of §§ 1225 and 1226, with the Seventh Circuit determining that § 1226 would likely apply to individuals who were arrested after already being present in the country and the Fifth Circuit applying the mandatory detention provisions contained within § 1225 to these individuals. *Compare Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) *with Buenrostro-Mendez*, 166 F.4th at 502-08. The Sixth Circuit heard oral arguments on March 18, 2026, in a group of related cases addressing the lawfulness of detention under 8 U.S.C. § 1225(b)(2). *See Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir.) (Dkt. Nos. 11, 29). Courts within this District have largely concluded that the discretionary provisions of § 1226 govern the detention of individuals, like Petitioner, who were present in the country for a period prior to their detention such that their continued detention without a bond hearing violated their right to due process. *See, e.g., Rodriguez Insua*, 2026 WL 668304, at *1 (Judge Lioi); *Kaur v. Raycraft*, No. 4:25-CV-2679, 2026 WL 709728, at *9-12 (N.D. Ohio Mar. 13, 2026) (Judge Boyko); *Ruiz-Lara v. Raycraft*, No.

6

1:26-CV-299, 2026 WL 642988, at *6 (N.D. Ohio Mar. 9, 2026) (Judge Gaughan); *Gu v. Noem*, No. 3:26-CV-36, 2026 WL 621356, at *13 (N.D. Ohio Mar. 5, 2026) (Judge Brennan); *Reyes Rodriguez v. Greene*, No. 4:26-CV-333, 2026 WL 574961, at *11 (N.D. Ohio Mar. 2, 2026) (Judge Polster); *Exhavarria Morales v. Noem*, No. 3:25-CV-2691, 2026 WL 100583, at *4 (N.D. Ohio Jan. 14, 2026) (Judge Pearson). However, at least one judge has concluded that district courts lack jurisdiction to consider such claims. *See, e.g., Amaya-Velis v. Raycraft*, __ F. Supp. 3d __, 2026 WL 100596, at *2 (N.D. Ohio Jan. 14, 2026) (Judge Calabrese) ("[D]eterminations of bond or detention are discretionary, even under administrative policy in effect until the middle of 2025. For this reason, the Court finds that Congress has not conferred jurisdiction on federal district courts to interpret or apply Section 1225 or Section 1226 of the INA.") (internal citation omitted).

However, in this instance, the Court need not address the applicability of §§ 1225 and 1226 in this case because the change in Petitioner's circumstances alters the statutory authority for his current detention and renders his petition moot. Because a federal court's jurisdiction "extends only to actual cases or controversies," they have "no power to adjudicate disputes which are moot." *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir. 2003). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Carpenter-Barker v. Ohio Dep't of Medicaid*, 187 F. Supp. 3d 881, 886 (S.D. Ohio 2016) (quoting *McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997)).

Here, Petitioner alleged that he was detained under § 1226(a) and requested that the Court order Respondents to release him or provide him with an individualized bond hearing. (*See* ECF No. 1). However, even if the Court were to accept Petitioner's assertion that his detention was governed by § 1226(a) at the time he filed his petition, that section explicitly indicates that it applies "pending a decision on whether the alien is to be removed from the United States." 8

7

U.S.C. § 1226(a). By statute, voluntary departure is granted "in lieu of" being subjected to removal proceedings. 8 U.S.C. § 1229c(a)(1). Thus, the entry of the voluntary departure order by the Immigration Judge terminated any removal proceedings such that Petitioner is no longer awaiting a decision on removal.[2] (ECF No. 7-1 at 1). Accordingly, Petitioner no longer falls under § 1226(a) and a ruling on his challenge to his detention without a bond hearing would not make a difference to his legal interests such that his petition is moot. *See Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) (finding entry of final order of removal altered the statute governing petitioner's detention and rendered petitioner's challenge to detention under § 1226 moot).

By failing to reply to Respondents' arguments, Petitioner has failed to advance any argument that his challenge to his detention under § 1226 is not moot or that his continued detention following the voluntary departure order is impermissible. Notably, both 8 U.S.C. § 1229c and 8 C.F.R. § 1240.26 grant an immigration judge discretion as to whether to impose conditions or set bond pending departure. *See* 8 U.S.C. § 1229c(a)(3) ("The Attorney General *may* require an alien permitted to depart voluntarily … to post a voluntary departure bond ….") (emphasis added); 8 C.F.R. § 1240.26(b)(3)(i) ("The judge *may* impose such conditions as he or she deems necessary to ensure the alien's timely departure from the United States ….") (emphasis added); *Al-Siddiqi v. Achim*, 531 F.3d 490, 495 (7th Cir. 2008) (finding immigration judge, who granted noncitizen's request for voluntary departure, had authority to require continued detention to ensure timely departure).

---

[2] The voluntary departure order indicates that the Immigration Judge "determined that [Petitioner here] is removable from the United States" but also indicates that Petitioner would be granted "pre-conclusion voluntary departure." (ECF No. 7-1 at 1). Regardless of whether the Immigration Judge found Petitioner removable or granted voluntary departure in lieu of making such a decision, in either instance the result is the same—Petitioner is no longer awaiting a decision on removal.

Because Petitioner's challenge to his detention under § 1226 is moot, the Court lacks jurisdiction over his claim.

### B. Medical Care

To the extent Petitioner asserts challenges the medical care he is receiving, such claims are not properly before the Court in this habeas action. While "challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," "a prisoner's challenge to the circumstances of his confinement may be brought under [42 U.S.C.] § 1983." *Adams v. Bradshaw*, 644 F.3d 481, 482 (6th Cir. 2011) (citation modified) (quoting *Hill v. McDonough*, 547 U.S. 573, 579 (2006)). Thus, "§ 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 464, 466 (6th Cir. 2013). However, the Sixth Circuit recognizes that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement" and such is the "heart of habeas corpus." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020).

Here, however, Petitioner does not allege that there are no set of conditions that would address his concerns. In fact, he specifically requests that Respondents be ordered "to provide adequate medical care." (ECF No. 1 at 2). Thus, Petitioner's conditions of confinement claims should be brought under 42 U.S.C. § 1983 rather than in a habeas action.

### V. Recommendation

Because Petitioner's challenge to his detention under § 1226 is moot and his medical claims may not be brought in a habeas petition, I recommend that the Court dismiss his petition without

prejudice.

       Dated: March 25, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).