**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| AZIZ BOUTINKHAR, | ) | CASE NO. 4:25 CV 2802 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECTOR, U.S. IMMIGRATION AND | ) | MEMORANDUM OPINION |
| CUSTOMS ENFORCEMENT (ICE) | ) | |
| SECRETARY, U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY, WARDEN | ) | |
| ED VOORHIES, | ) | |
| | ) | |
| Respondents. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Carment E. Henderson. (ECF #12). Petitioner Aziz Boutinkhar filed an Objection to the Report (ECF #15) and Respondents filed a Response to the Objection. (ECF #16) For the reasons set forth below, the Report and Recommendation is hereby ADOPTED.

Mr. Boutinkhar, a Moroccan national detained by United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241 challenging his prolonged detention without a bond hearing. Specifically, Petitioner alleged that he was detained under 8 U.S.C. § 1226(a) and that his detention without an individualized bond hearing violates his Fifth Amendment due process rights. However, as Magistrate Judge Henderson explained, Petitioner's motion for pre-conclusion voluntary departure in lieu of removal, granted by the Immigration Judge on February 12, 2026, moots Petitioner's habeas petition. Accepting Petitioner's assertion that his detention was governed by §1226(a) at the time he filed his Petition, that section applies "pending a decision on whether the alien is to be removed from the United

States." 8 U.S.C. §1226(a). The entry of a voluntary departure order by the Immigration Judge terminated any removal proceedings such that Petitioner is no longer awaiting a decision on removal and his challenge to detention under §1226(a) is moot. Magistrate Judge Henderson also determined that Petitioner's challenges to the medical care he received are not properly before the Court because a habeas action is not the proper vehicle for a prisoner to challenge conditions of confinement. Magistrate Judge Henderson recommends that the Petition be dismissed without prejudice.  Petitioner's Objection does not offer any factual or legal authority to reject the Magistrate Judge's finding that his Petition is moot. Respondents filed a Response to Petitioner's Objections stating that Petitioner's habeas petition is moot because Petitioner was released from custody and departed the United States on April 24, 2026.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made.  *See* FED. R. CIV. P. 72(b).  The Court finds Magistrate Judge Henderson's  Report and Recommendation to be thorough, well-written, well-supported, and correct. The Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully and correctly addressed by the Magistrate's Report and Recommendation, and that Petitioner's objections are unwarranted. Moreover, Respondents' Response makes clear that Petitioner's release from custody and departure from the United States moots this Petition. This Court, therefore, adopts the Magistrate's Report and Recommendation, finds that this action is moot and dismisses same with prejudice.  IT IS SO ORDERED.

DATED: April 29, 2026

DONALD C. NUGENT
Senior United States District Judge